Filed 8/28/23  In re A.V. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.V., a Person Coming Under the Juvenile Court Law. | C096887 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.V.,<br><br>Defendant and Appellant. | (Super. Ct. No. STK-JD-DP-2020-0000110) |

The juvenile court exercised dependency jurisdiction over the minor, A.V., under Welfare and Institutions Code[1] section 300 and removed her from the custody of her mother, S.V. (mother).  Mother contends that the juvenile court denied her due process

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

right to be heard at the contested jurisdictional hearing when it made the challenged findings in her absence and failed to set aside the default for nonappearance after she showed good cause for her absence. We shall affirm.

BACKGROUND

A. *Dependency Petition*

On March 16, 2020, the San Joaquin County Human Services Agency (the Agency) investigated allegations of physical abuse of the minor by mother. The minor reported that mother had hit her with a spatula and a hanger, spanked her with an open hand, and thrown toys at her. The reporting party did not observe any marks on the minor, and the minor denied having any marks from these incidents. The minor displayed extremely violent behavior and was diagnosed with autism and adjustment disorder. On April 1, 2020, the Agency filed a section 300 petition on behalf of the minor, then age 10, alleging the minor had suffered, or there was a substantial risk that she would suffer, serious physical harm or illness as a result of the failure or inability of her parent to supervise or protect her adequately (§ 300, subd. (b)(1)), and that the minor had been left without any provision for support as the whereabouts of her father were unknown and reasonable efforts to locate him had been unsuccessful (§ 300, subd. (g)). On June 30, 2020, the Agency filed an amended petition to include allegations of serious emotional damage based on mother's inability to provide necessary care for the minor's significant behavioral and mental health needs. (§ 300, subd. (c).)

B. *Initial Jurisdictional Hearing and Appeal*

Mother was ordered to appear, but was not present, at the July 16, 2020 contested jurisdictional/dispositional hearing and no reason for her absence was presented to the juvenile court. Accordingly, the juvenile court found that mother was properly noticed and proceeded on jurisdiction in her absence, finding the allegations of the amended petition true. Mother subsequently filed a motion to vacate the default judgment asserting that she missed the hearing because she was attending to her infant son, who

was sick with a fever, and mother advised the social worker prior to the hearing that she was concerned about COVID-19. Mother attempted to contact her counsel, Rose Cardoso, twice prior to the hearing and left a voice message about the situation but could not reach her. The juvenile court denied mother's motion to vacate the default. Mother appealed.

On December 22, 2021, this court issued an opinion concluding that based on the totality of the circumstances and the COVID-19 protocols, which included guidance to stay home when sick or caring for someone sick, there was good cause for mother's absence from the jurisdictional hearing. (*In re A.V.* (2021) 73 Cal.App.5th 949, 951, 956-959.) The jurisdictional and dispositional orders were reversed, and the matter was remanded for the juvenile court to hold a contested jurisdictional hearing. (*Id.* at p. 959.)

C.    *Second Jurisdictional Hearing*

Following remand on the prior appeal, the juvenile court set a contested jurisdictional/dispositional hearing for June 20, 2022,[2] and ordered mother to appear. Mother appeared with her counsel, Cardoso, at the June 20 contested jurisdictional/dispositional hearing and requested a continuance because counsel was not prepared to go forward that day. The court granted the continuance, chastising counsel for failing to request the continuance sooner, and ordered mother to appear on June 23 at 9:00 a.m. for a confirmation hearing and on August 1 at 9:00 a.m. for the contested jurisdictional/dispositional hearing. At the June 23 confirmation hearing, mother appeared, and the court again ordered her to appear on August 1 at 9:00 a.m. for the contested jurisdictional/dispositional hearing. The juvenile court also set a hearing for June 28 on mother's request for substitution of counsel under *People v. Marsden* (1970) 2 Cal.3d 118, and the court set the continued confirmation hearing for July 21.

---

[2]  All further date references are to 2020 unless otherwise specified.

Mother appeared at the June 28 hearing, where her *Marsden* motion was granted, and new counsel was appointed. During the hearing, mother reported that part of the reason for the *Marsden* motion was that she had communication challenges with Cardoso. The juvenile court directed Cardoso to provide the case file to mother's newly appointed counsel, Amanda Pimentel. With mother present, Pimentel was informed by the court of the confirmation hearing set for July 21, and the contested jurisdictional/dispositional hearing set for August 1. When Pimentel asked to confirm the time for the August 1 contested hearing, Cardoso stated that the trial was set for 1:30 p.m. However, the Agency and the juvenile court corrected Cardoso and confirmed that the August 1 contested hearing was set for 9:00 a.m.; the court ordered mother present for the July 21 and August 1 hearings. Mother did not appear at the July 21 confirmation hearing, but Pimentel appeared and confirmed the August 1 contested jurisdictional/dispositional hearing date at 9:00 a.m.

Mother also did not appear at the August 1 contested jurisdictional/dispositional hearing, and mother's new counsel stated that she did not know why mother was not present for the hearing and objected to proceeding in her absence and requested a continuance. The juvenile court speculated, "Maybe she runs late," after the minor's counsel mentioned that mother was late for the confirmation hearing but did attend the hearing. Mother's counsel objected to proceeding with the hearing in mother's absence, noting that she had obtained pertinent discovery the week prior and did not believe there was sufficient evidence to support the section 300, subdivision (c) allegations that the minor's mental health and serious emotional harm were caused by mother. Counsel did not elaborate further on the discovery materials, and they are not part of the record. The court then found that mother was properly noticed and proceeded on jurisdiction in her absence, finding the allegations of the amended petition true. The court took jurisdiction over the minor and found that mother "waived her rights by her nonappearance." As to

4

disposition, the court ordered reunification services to mother as outlined by the Agency in the case plan.

### D.    *Motion to Vacate Default Judgment*

On August 4, mother's counsel, Pimentel, filed a motion to vacate default judgment on the basis of the party's mistake, inadvertence, surprise, or excusable neglect under Code of Civil Procedure sections 473, subdivision (b) and 773, subdivision (b). Attached to the motion were images of two text messages that mother indicated she believed were sent from the court stating that the August 1 hearing was at 1:30 p.m. Mother's counsel argued that mother reasonably believed the court moved the hearing from 9:00 a.m. to 1:30 p.m. based on these text messages. The text messages appeared to be messages from Cardoso's office. The first was received on July 22, and stated: "[A] reminder that your court date is coming up in 10 days on Aug 01, 2022 at 01:30 PM at 180 E Weber Ave. Your public defender, Rose Cardoso, is going to provide important help during your case." The second text message was received the day before the hearing and stated: "[Y]our court date is tomorrow at 1:30 PM @ 180 E Weber Ave, in Stockton. Please contact your public defender, Rose Cardoso, at [phone number] if you have any urgent questions or issues." The Agency objected to the motion to set aside default judgment, arguing that mother was present during several hearings where the court advised her of the correct date and time and ordered her to be present. The Agency noted that these messages came from Cardoso, not the court, and at the time mother received these messages, Cardoso had not been her counsel for over a month. Thus, the Agency argued, mother should have reasonably communicated with her new counsel regarding any confusion.

At the August 23 hearing regarding mother's motion, the juvenile court noted that mother was present with her former counsel, Cardoso, at the June 20 and June 23 hearings where she was ordered to appear at the August 1 hearing at 9:00 a.m. The court observed that the *Marsden* hearing, held June 28 resulted in the appointment of new

5

counsel for mother.  The court also noted that mother failed to appear at the July 21 hearing, during which the August 1 hearing was confirmed for 9:00 a.m., but that her new counsel was present on that day.  The court acknowledged the text messages received by mother but noted that they were from her former counsel, Cardoso, who had been relieved as the attorney of record.  The court observed that there was no indication that mother followed up with anyone after receiving the text messages.  The court found: "[T]here's really no basis to set the [default] aside.  You were ordered present on numerous occasions.  You no-showed up here on August the 1st.  We had a prior issue with showing up in court months and months ago under different circumstances.  But here, the record, to me, is extremely clear that was the date and time set for the hearing. [¶]  The motion is going to be denied."

Mother filed a timely notice of appeal.

DISCUSSION

Mother contends that the juvenile court erred in failing to set aside mother's default on the jurisdictional findings made in her absence because there was good cause to excuse her absence from court.  We conclude that mother lacked good cause for her absence and the court did not err in denying her motion to set aside the default.

"Parents have a fundamental liberty interest in the care, custody, and management of their children.  [Citation.]  The state and federal Constitutions guarantee no state shall deprive parents of this interest in their children without due process of law, which includes the right to confront and cross-examine witnesses in dependency proceedings." (*David B. v. Superior Court* (2006) 140 Cal.App.4th 772, 777.)  "Due process requires that a parent is entitled to notice that is reasonably calculated to apprise him or her of the dependency proceedings and afford him or her an opportunity to object." (*In re Justice P.* (2004) 123 Cal.App.4th 181, 188.)  "When a parent is absent without good cause at a properly noticed hearing, the court is entitled to proceed in the parent's absence." (*In re Vanessa M.* (2006) 138 Cal.App.4th 1121, 1131.)  "Ordinarily, a

6

parent's failure to appear will not constitute the good cause necessary to justify a continuance because substantial importance is attached to the child's need to promptly resolve the dependency matter." (*In re A.V., supra*, 73 Cal.App.5th at p. 957.) "An unjustified failure to appear at a duly noticed hearing reflects a parent's choice not to attend," and the juvenile court "may properly treat this choice as a waiver of the right to be present *at that hearing* and of the benefits of being present." (*In re Vanessa M.,* at p. 1132.) However, a court "may, upon any terms as may be just, relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473 (b).)

A ruling on a motion for discretionary relief from default shall not be disturbed on appeal absent a clear showing of abuse of discretion. (*In re Marriage of Binette* (2018) 24 Cal.App.5th 1119, 1125.) The juvenile court's judgment is presumed correct, and all conflicts are resolved in favor of the judgment and all legitimate inferences are indulged in to uphold the juvenile court's determinations. (*In re K.S.* (2016) 244 Cal.App.4th 327, 337.)

Here, the record does not support mother's contention that she had a good faith belief that the time of the hearing had changed. Mother was advised directly by the juvenile court of the jurisdictional/dispositional hearing date and time at least three times. First, at the June 20 jurisdictional/dispositional hearing, the juvenile court continued the hearing and ordered mother to appear on August 1 at 9:00 a.m. Second, at the June 23 confirmation hearing, mother appeared and the court again ordered her to appear on August 1 at 9:00 a.m. for the contested jurisdictional/dispositional hearing. Third, at the *Marsden* hearing on June 28, the court again ordered mother to be present at the contested jurisdictional/dispositional hearing set for August 1. Finally, while the minute order did not record mother's presence at the July 21 confirmation hearing, mother's new counsel, Pimentel, appeared and confirmed the August 1 contested jurisdictional/dispositional hearing date at 9:00 a.m. Additionally, there is indicia in the

7

record that mother arrived late for the July 21 hearing but attended at least a portion of it, because the Agency noted mother was present at that hearing in its objection and the minor's counsel mentioned mother was late for that hearing but did attend it.

Regardless of whether she attended the confirmation hearing and heard the juvenile court advise her a fourth time of the correct date and time for the jurisdictional hearing, her new counsel was present, and mother could and should have checked with her new counsel, the assigned social worker, the court clerk, or anyone else to the extent she was confused about the time of the hearing. But mother did not provide any supporting affidavit or other evidence to indicate that she checked the hearing time with either her former or new counsel upon receiving the text messages. At a minimum, the text messages should have alerted mother that the information therein was amiss because they suggested that Cardoso was still her attorney about a month after Cardoso was relieved as counsel. Additionally, mother failed to provide any evidence to show that she indeed attempted to appear at the August 1 hearing at 1:30 p.m. based on a mistaken belief that the hearing time was changed. Without such evidence, we cannot conclude that mother acted reasonably in failing to appear at the hearing after she was explicitly and directly informed by the juvenile court of the time on no less than three occasions.

Further, there is substantial evidence in the record that mother's purported reliance on her prior counsel's text messages was unreasonable. During the *Marsden* hearing, mother reported that she had communication issues with Cardoso. Also at the *Marsden* hearing, in mother's presence, Cardoso mistakenly stated that the hearing was at 1:30 p.m., and the Agency and the juvenile court immediately corrected Cardoso, advising that the August 1 contested hearing was set for 9:00 a.m. This interaction as well as mother's prior communication issues with Cardoso should have given mother pause about relying on information from her former counsel that the court had changed the time. Based on this record, we cannot conclude that the juvenile court's decision to decline discretionary relief from default was arbitrary, capricious, or patently absurd.

8

(See *Adoption of D. S. C.* (1979) 93 Cal.App.3d 14, 24-25 ["[W]here a trial court has discretionary power to decide an issue, a reviewing court will not disturb that decision unless the trial court has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination."].)

## DISPOSITION

The orders of the juvenile court are affirmed.


_____/s/_____
BOULWARE EURIE, J.


We concur:


_____/s/_____
DUARTE, Acting P. J.


_____/s/_____
KRAUSE, J.